Thank you, Your Honors. I'm going to attempt to reserve two minutes for rebuttal. We're here on the case of Ms. Hernandez, who's an individual that's seeking supplemental security income benefits. We have before us a decision from Administrative Law Judge Joe Knight as well as a District Court Judge Snow. The issue is whether the claim should have been remanded for a payment of benefits. The record confirms that there are a number of physicians who have rendered opinions as to whether or not Ms. Hernandez has the functional capacity to sustain work. We do note there was a psychological – there were actually three evaluations performed by defendants' own experts. In each of those situations, the particular expert assessed restrictions and limitations which defendants' vocational experts said would preclude Ms. Hernandez from sustaining any kind of work. The Administrative Law Judge didn't set forth reasons for rejecting those opinions. The defendant takes the position that the opinion should be credited. And to be quite honest, I'm not sure why that wasn't addressed by the District Court and why this matter was not remanded for a payment of benefits on that evidence alone. Compounding the difficulties with the decision is we also have an opinion from a treating physician who assessed restrictions that would be incompatible with the ability to sustain work. That, too, is confirmed by defendant's expert, the vocational consultant. The Administrative Law Judge is required to set forth sufficient reasons to reject these opinions. The judge said the opinion wasn't in the file. That is a curious statement in light of the fact at the hearing itself I handed the document to the vocational expert. I told the judge what exhibit I was handing to the vocational expert. The vocational expert reviewed it and said based upon those restrictions the claimant wouldn't be able to work. I'm not indicating by this question that the merits aren't important. I'm just trying to figure out what we have before us. The district judge remanded the case for the ALJ to clear up or the Commissioner to clear up what appeared to the district judge to be an inconsistency. The district judge didn't get to the merits. Why are we arguing about them now? Why was the remand not a – was not an abuse of discretion? They go back and clear it up and come back and then we get to the merits. Why are we jumping over what's really before us, which is the district court opinion? Your Honor, the district court did not award Ms. Hernandez the full relief that she desired. Of course. Because the district court judge wanted some more of the record, wasn't ready to make it until that was determined. It seems to me it's rather a logical position for the district court to take. Why isn't the – we judge that as an abuse of discretion. How is it an abuse of discretion? It's an abuse of discretion because the district court never addressed those issues upon which Ms. Hernandez would be entitled to the relief that she sought. Pursuant to Forney against – Wait a minute. Before you do that, the district judge wanted more information, and you're saying it's an abuse of discretion for the district judge to get that information before he gets to the merits? It was an abuse of discretion for the administrative law judge to look at the Step 5 finding before addressing Steps 3 and 4. I understand. That's the merits. But we're talking about the abuse of discretion of the district court remanding. That's what's before us. I understand that, Your Honor. And the case – If the district judge didn't really address Step 3, he abused his discretion, and then jumping to Step 5, there still is a problem with Step 5. I'm saying it's an abuse of discretion for the district court not to address those issues raised by Ms. Hernandez on the appeal that would have afforded her the relief to which she was entitled and to which she sought. Would that be under Step 3 or under Step 5 in the analysis? Well, the district court should have gone through each step, but truthfully, the error that occurred would have been at Steps – if he got to 4 and 5 in evaluating the opinion of the treating physician. Certainly, I believe Step 3 should have been addressed. Whether it's an abuse of discretion to skip over Step 3, I can't. But was that Step 5, there's a problem with the vocational expert, therefore, you have to go back. Right. But he never looked at the opinion of the treating physician nor the subjective complaint testimony nor the statements from the third parties. He solely looked at a very small, narrow issue that would not afford my client the relief to which she is entitled. Now, we have a United States Supreme Court decision in Forney v. Apfel at 524 U.S. 266 that says Ms. Hernandez can bring this type of an appeal where she's not afforded all of the relief to which she is entitled. Now, so obviously, that gives this Court the authority to review the kind of decision for that particular issue. So let's say it went back to the district court to really look at these conflicts among the psychologists or potentially whether the psychologists were credited appropriately and whether her treating Dr. Cleary was credited appropriately. Is that what you're essentially asking us, is to have the district court go back and make that analysis? I certainly think the court would have the authority to send it back to the district court to do that. I also believe this Court has the authority to remand this matter for a computation of benefits in accordance with SQS. The issues have certainly been fully briefed at this point in time, and there really is no dispute. They're saying their doctors are experts and are entitled to be given weight, and they're saying that if we give those opinions weight, the claimant wins. When I say they're, I'm talking about their own experts. And yet the judge denied this claim, and there's really no rational explanation at the hearing. I understand that their doctor, who never saw the claimant, never done any kind of examination, said the IQ scores were invalid because my client's primary language was Spanish. But on cross-examination, I brought out, my claimant, the claimant was born in the United States. She went to school in the United States. She speaks English with her friends and her family. I don't know where you can look at a psychologist who administers IQ testing and comes up with an opinion. That's the person who has all the knowledge. And then from left field, take out an expert who says all the testing's invalid for a reason that's not even supported by this record. It just makes no sense. But I ask you about the IQ score, which one of the psychologists said was mild retardation, but I think the others characterized it more as a low borderline. I thought that in the end, the ALJ's view was not inconsistent with this low borderline finding. Could you elaborate on that? Absolutely. The first two experts that the defendant hired to do the psychological examination did not perform IQ testing. And they opined based upon their examination of the claimant that there was low intellectual functioning. The defendant then, as it should have, sent her for IQ testing, which came back with these low results. And now they're the ones that are saying, well, we're not even going to count it anyway. And there's no reason not to. And that's the problem. Now, I asked their expert at the hearing, if we consider those tests valid, is she disabled? The answer was yes. I asked their expert on each medical opinion in the file, if we assume those restrictions by those medical experts, is she disabled? And the answer was yes. You can't ignore this evidence and just jump to the very last thing and say, well, the judge said that there's a sedentary functional capacity, the jobs identified by the vocational expert are medium, and we start all over. This case has been pending since 2000. I mean, this case is 10 years old already. It's been tried and retried. She was awarded benefits at one point, and the appeals counsel sent it back. That's the level above an administrative law judge. And then when it brought back, they changed her date and caused her to incur this huge claim for an overpayment. It just doesn't make sense. Now, I know, and I only have 50 seconds left, but addressing the issue is to can we review it as the district court does? And I know that the defendant has cited Hardesty. Hardesty has no application to this case at all. In Hardesty, the district court remanded for a computation of benefits. The underlying claim was over. The issue in Hardesty was Aegis fees. This Court found that the Aegis statute is the one that does not allow this Court to review it. Aegis is very specific and different, and if you read Hardesty, there is no application at all to the Social Security claim. Just very briefly, it says, there are good reasons for denial of attorney fees in situations regarding which the Aegis is silent, and that's because the Aegis is a waiver of the sovereign immunity to be sued. No application here at all. Social Security Act clearly says that the client has the right to bring the claim for the type of relief that she seeks here. Thank you. We'll hear from the Commissioner now. Thank you. Your Honor, it's Jean M. Turk for the Commission of Social Security. Michael J. Astrew. We're here today because claimant was only awarded half a loaf and wanted a whole loaf. But in the words of the Rolling Stones, you can't always get what you want, but you get what you need. Here, claimant got benefits and got a remand to correct any errors perceived in the ALJ's decision. The District Court exercised its authority to remand and its judgment to remand for further proceedings rather than payment of benefits. The Court resolved the matter on claimant's first argument, which should be perceived as the strongest argument. Regardless of the other issues, sufficient questions remained that the District Court felt a remand for further proceedings was required. Did the claimant make arguments to the District Court at the steps preceding Step 5? In other words, were arguments about Step 3 made to the District Court? They were in the pleadings, Your Honor. And the District Court did not ignore those issues. In a footnote, the District Court said that the plaintiff had submitted a variety of some, considered a variety of evidence and made conclusions that the District Court, that the ALJ, the conclusions were unsupported by the evidence. So the District Court did look. That's on page 3 of the District Court decision. The District Court acknowledged those issues. But having resolved the issue on what should be perceived as the strongest matter, what we are. That's what bothers me. Whether somebody perceives a particular argument to be strong or not strong seems to me analytically irrelevant. There's a sequential process, Steps 1 through 5, and if there are arguments made at Step 3 and Step 5, it would appear to me just by the nature of the analysis that's required that the District Court first has to look at the Step 3 problems that are asserted by a claimant. Because if those are successful, you would never get to the Step 5 problem. And so it seems to me not an alternative finding the way it would be if you had five grounds for summary judgment, all of which would knock out your whole case. So this idea that it's stronger, I mean, why is it okay for the District Court to skip over Step 3 and go directly to Step 5? Your Honor, there's no evidence that the District Court did ignore those other steps. Even if the District Court perceived errors in the ALJ's analysis, there was still no guarantee that that claimant, that they would credit those. But if we don't get a hearing on it, we never get it decided by an appeals court, meaning the District Court or us. So the question I think we're having is, maybe there is a problem with Step 5, and therefore, remand may be appropriate. But there may be a problem earlier in the game, and that may well also change the District Court's case. Kagan, why shouldn't the matter be remanded for further proceedings, Your Honor? No, no, that's not the question. The further proceedings remanded for really relate to this vocational expert. Not just – it's not just a general remand, have another go at it on both sides. It's a fairly specific Step 5 V.E. remand. So my question is, procedurally, and you're probably in one of the better positions to explain this to us. Procedurally, at this stage, how could the plaintiff get her claims heard on appeal related to the problems that she alleges with her treating physician and with the psychologist evaluation? Your Honor, we should assume that the District Court did look at the other issues and read the pleadings. Where does it say that, though? I mean, where does it – where does he give a – where does the District Court give a decision? Well, Your Honor, I think it would be proper to assume that when a District Court gets a case that they would review the issues presented. But, counsel, footnote 4 actually says the opposite of what you're saying. The District Court basically said, because you have talked about Step 5 as your first argument, instead of putting your arguments in the order of the steps, because you've argued about Step 5 first, I'm not even going to address your other arguments, because you have a good argument on Step 5. But that doesn't make – I guess what worries me, to me that doesn't make logical sense. If in this context someone has arguments about Steps 1, 2, 3, 4, and 5, and they happen to put them in reverse order, I don't understand what allows the analysis to go in that reverse order. Isn't the District Court required to go through the steps in order so that all the arguments about the earlier steps must be addressed on the merits first? That's where I see a potential abuse of discretion here. That isn't to say, though, Your Honor, that the issues were not considered. The reason I – But the court says they're not. It says we're not addressing them. But that doesn't mean they weren't considered, Your Honor. That's why I submitted the – Well, we would have to be – have some divine view to figure that out based on footnote 4. My concern is that there's some cases where you can jump over some analytical pieces, because no matter how they're decided, it doesn't matter in the end if you decide a certain issue. But as Judge Graber is saying, here we're cabined by the framework, you know, set up this five-step process. So it's not one of these things where you can throw out some of the steps and just decide one down the road. I don't believe the District Court did throw out the steps, Your Honor. Even if – Let me just ask you to assume this. Let's assume that we can't tell from this record and, you know, that of course he considered them, but did he rule on them. And let's assume that you're right, that he did consider them, but we can't figure it out from this record. Why wouldn't remand be appropriate? To the District Court. The District Court. On that point. To – there was no guarantee that the District Court would apply a credit as true to – even if there were errors, perceived errors, that the District Court would have applied a credit as true analysis and guaranteed plaintiff payment of benefits. So by remanding to the District Court to simply state that even if there were perceived errors, the District Court was under no obligation to credit as true. Therefore, there was no abuse of discretion in the ALJ – in the District Court's determination. I submitted a supplemental citation. Hardesty – I know it's an EJIA case, but Hardesty reminds us that the District Court does not always address every issue claimed by plaintiff. What it reminds us is that the District Court looks to the strongest argument so that it analyzes the clarity of the law, the clarity of the issues, fairness and judicial efficiency, and also with an eye towards protecting its ruling from appeal. So here you had the District Court looking at what's the strongest argument here, what is – what's the clearest law, the vocational expert testimony, without getting into the quagmire of should I credit as true the treating physician's opinion or credibility? I want – what is my clearest path? Is that the role of the court to disregard the other arguments simply because the court doesn't think they're as strong? Because now we're on appeal, and we may or may not agree that that's the strongest argument, I don't know. But nonetheless – So you kind of leave us hanging because there's a hole in the record, isn't there? I don't believe so, Your Honor. The District Court did not abuse its discretion by not addressing all of the issues in its decision. The District Court had the authority to remand for further proceedings and exercised that. The District Court decision shows the – that it exercised its judgment in choosing the remedy of further proceedings because still a significant number of questions remained rather than payment of benefits. So let's say that if we agreed that the District Court was – didn't abuse his discretion or its discretion in the remand, so now it then goes back, that remand is limited to step five under the District Court order, is that right? Under our regulations, the claimant will get a new hearing, and at that time, all issues can be presented. But the ALJ would be constrained to address that particular issue. But that's not to say that the other issues could also not be reexamined. So in other words, the claimant would be back and have the ability to argue this problem about – The questions and the evidence? Not crediting the psychologist because this woman, because of Spanish, even though she lived in the United States her whole life and spoke perfect English, so that would be addressed again? It could be. So it's like having a rehearing on a rehearing. Well, the claimant would be afforded a new hearing, Your Honor, and those issues could come up. Well, no, I'm not really – I just want to know from the regulatory standpoint, if it goes back with this kind of remand and this order, would everything be on the table again? Is it a whole new ballgame? It's a new de novo hearing, Your Honor, before the ALJ. However, the ALJ would have to address the district court's remand order on that particular issue. Other issues can be taken under consideration. I also want to clarify, the claimant is receiving benefits and has received benefits since March of 2002. Thank you for that clarification. Your Honor, again, the district court exercised its discretion. The remand was appropriate and reasonable. It was not beyond the pale of reasonable justification in this case where questions remain to remand for further proceedings. I'd like to thank the Court for its time. Thank you, counsel. No further questions. Thank you. Mr. Slepian, you used your time, but you may have a minute for rebuttal if you want to use it. Could I just ask you a practical question? Yes. It sort of goes along the lines of when the battle loosed the war type thing. Let's assume that we agreed with you that the district court should have considered all these issues. And it goes back to the district court on the record. The district court takes a look at it and says, I disagree with Ms. Hernandez, and I stick to my remand on vocational. Then I guess your options would be you come back up here on an appeal, and the 10 years would turn into 12 or 14 years, I don't know, after the district court hearing. So I'm just wondering if it would be helpful for us to know exactly what you're asking us to do in your ideal world. In my ideal world, Your Honor, the matter would be remanded for a payment of benefits. For that additional period of time that we're talking about. Based on the 2000 application. She obviously can't get paid for any period in which she received benefits. And I think when counsel said she wanted to clarify that my client's been in pay status since 2002, which is its correct statement, the judge found her disabled as of 2006. Social Security has a back pay request from her covering four years. They want her to pay them four years of money that she's received. What if we didn't agree that, at least on the face of it from an appellate point of view, or that it wasn't our role to now decide that? What's the next line of requests or options? Well, if it goes back to the administrative law judge, based upon the district court's order, I would obviously have to retry the case. There was a question as to what the courts would consider. I can tell you, based on my experience, it varies from administrative law judge to administrative law judge. There is no set pattern. Some take the position that the district court said I'm only to decide this issue, so I'm going to assume my residual functional capacity assessment prior was correct, and I'm going to address it. Other judges take the position that it's a de novo review. There's really inconsistency throughout the entire process. Thank you, counsel. Thank you. The case just argued is submitted.
judges: Wallace, Graber, McKeown